# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕱𝖊𝖉𝖊𝖗𝖆𝖑 𝕮𝖑𝖆𝖎𝖒𝖘

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| BRITTANY ARNOLD, | \* | No. 15-534V |
| Guardian of minor, L.A., | \* | Special Master Christian J. Moran |
| | \* | |
| Petitioner, | \* | |
| | \* | Filed: March 6, 2017 |
| v. | \* | |
| | \* | Stipulation; hepatitis A vaccine; |
| SECRETARY OF HEALTH | \* | pneumococcal conjugate vaccine; |
| AND HUMAN SERVICES, | \* | febrile convulsions; developmental |
| | \* | delays. |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Lara A. Englund, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On March 3, 2017, the parties filed a joint stipulation concerning the petition for compensation filed by Brittany Arnold as Guardian of L.A., a minor, on May 26, 2015. In her petition, petitioner alleged that the hepatitis A and pneumococcal conjugate vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which were received on July 23, 2012, caused L.A. to suffer febrile convulsions and developmental delays. Petitioner further alleges that she suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on L.A.'s behalf as a result of this condition.

Respondent denies that the hepatitis A and pneumococcal conjugate vaccines caused L.A. to suffer febrile convulsions or any other injury.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A.  A lump sum payment of $12,848.40, which amount represents reimbursement of a lien for services rendered on behalf of L.A., in the form of a check payable jointly to petitioner, Brittany Arnold, and**

**Wellpoint Partnership Plan, LLC**
**Attn: Anel Mendez – Mail Drop AC-10C**
**21555 Oxnard Street**
**Woodland Hills, CA 91367**

**Petitioner agrees to endorse this check to WellPoint Partnership Plan, LLC.**

**B.  An amount not to exceed $250,000.00 to purchase the annuity contract described in paragraph 10 of the attached stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

**This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 15-534V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BRITTANY ARNOLD, guardian for minor, L.A., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No. 15-534V |
| ) | Special Master Christian Moran |
| SECRETARY OF  ) | |
| HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**STIPULATION**

The parties hereby stipulate to the following matters:

1.  On behalf of her daughter, L.A., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to L.A.'s receipt of the hepatitis A and pneumococcal conjugate vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.  L.A. received hepatitis A and pneumococcal conjugate vaccines on July 23, 2012.

3.  The vaccines were administered within the United States.

4.  Petitioner alleges that L.A. suffered febrile convulsions and developmental delays as a result of the hepatitis A and pneumococcal conjugate vaccines and that she suffered the residual effects of this injury for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of L.A. as a result of her condition.

6.  Respondent denies that the hepatitis A and pneumococcal conjugate vaccines caused L.A.'s febrile convulsions, developmental delays, or any other injury or her current condition.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a.  A lump sum of $12,848.40, which amount represents reimbursement of a lien for services rendered on behalf of L.A., in the form of a check payable jointly to petitioner and
>
> 
> WellPoint Partnership Plan, LLC<br>
> Attn:  Anel Mendez – Mail Drop AC-10C<br>
> 21555 Oxnard Street<br>
> Woodland Hills, CA 91367
> 
>
> Petitioner agrees to endorse this check to WellPoint Partnership Plan, LLC.
>
> b.  An amount not to exceed $250,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").
>
> The amount set forth in this paragraph 8.b. represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9.  The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.    A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
>
> d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

10.  The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of L.A., pursuant to which the Life Insurance

Company will agree to make payments periodically to L.A. for all damages that would be

available under 42 U.S.C. §300aa-15(a), as follows:

   a. $103,627.65 payable in a certain lump sum on July 14, 2032.

   b. $118,353.45 payable in a certain lump sum on July 14, 2035.

   c. $133,685.83 payable in a certain lump sum on July 14, 2038.

   d. $150,397.77 payable in a certain lump sum on July 14, 2041.

The purchase price of the annuity shall not exceed $250,000.00.  In the event that the cost of the

annuity payments set forth above varies from $250,000.00, the final payment on July 14, 2041,

listed above, shall be adjusted to ensure that the total cost of the annuity is neither less nor

greater than $250,000.00.  L.A. will continue to receive the certain lump sum annuity payments

from the Life Insurance Company for the period indicated above.  Should L.A. predecease the

exhaustion of any certain payments set forth above, any remaining certain payments shall be

made to her estate.  However, written notice to the Secretary of Health and Human Services and

the Life Insurance Company shall be made within **twenty (20)** days of L.A.'s death.

11.  The annuity contract will be owned solely and exclusively by the Secretary of Health

and Human Services and will be purchased as soon as practicable following the entry of a

judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary

of Health and Human Services and the United States of America are not responsible for the

payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts

awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the

future annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and

Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately, or as part of the annuity contract, will be used solely for the benefit of L.A. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of L.A., on behalf of herself, L.A., and her heirs,

executors, administrators, successors or assigns, do forever irrevocably and unconditionally
release, acquit and discharge the United States and the Secretary of Health and Human Services
from any and all actions or causes of action (including agreements, judgments, claims, damages,
loss of services, expenses and all demands of whatever kind or nature) that have been brought,
could have been brought, or could be timely brought in the Court of Federal Claims, under the
National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or
in any way growing out of, any and all known or unknown, suspected or unsuspected personal
injuries to or death of L.A. resulting from, or alleged to have resulted from, the vaccinations
administered on July 23, 2012, as alleged by petitioner in a petition for vaccine compensation
filed on or about May 26, 2015, in the United States Court of Federal Claims as petition No. 15-
534V.

17. If L.A. should die prior to entry of judgment, this agreement shall be voidable upon
proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms
of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a
decision that is in complete conformity with the terms of this Stipulation, then the parties'
settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and
damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except
as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the
parties hereto to make any payment or to do any act or thing other than is herein expressly stated
and clearly agreed to. The parties further agree and understand that the award described in this
Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the hepatitis A and pneumococcal conjugate vaccines caused L.A. to suffer febrile convulsions and developmental delays or any other injury or condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of L.A.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

BRITTANY ARNOLD

ATTORNEY OF RECORD FOR
PETITIONER:

PAUL BRAZIL
MULLER BRAZIL, LLP
One Logan Square   PB
715 Twining Road
Suite 107
Dresher, PA 19025
(215) 885-1655

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: ___3/3/17___

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

LARA A. ENGLUND
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-3013

6