# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| BRITTANY ARNOLD, | \* | No. 15-534V |
| Guardian of minor, L.A., | \* | Special Master Christian J. Moran |
| | \* | |
| Petitioner, | \* | Filed: June 22, 2017 |
| v. | \* | |
| | \* | Attorneys' fees and costs |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Brittany Arnold received compensation through the National Childhood Vaccine Compensation Program. She is now seeking an award for her attorneys' fees and costs. She is awarded $27,807.57.

\*   \*   \*

Represented by Attorney Paul R. Brazil, Ms. Arnold filed her petition on May 26, 2015. She received compensation based upon the parties' stipulation. Decision, 2017 WL 1319774 (Fed. Cl. Spec. Mstr. Mar. 6, 2017).

On June 2, 2017, Ms. Arnold filed a motion requesting an award of attorneys' fees and costs. The motion seeks a total of $28,907.57, comprised of

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

$20,594.00 in attorneys' fees and $8,313.57 in attorneys' costs. Pursuant to General Order No. 9, Ms. Arnold did not incur any costs.

The Secretary filed a response to Ms. Arnold's motion. The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed June 6, 2017, at 2. With respect to amount, the Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

This matter is now ripe for adjudication.

\*   \*   \*

Because Ms. Arnold received compensation, she is entitled to an award of reasonable attorneys' fees and costs by right. 42 U.S.C. § 300aa–15(e)(1). Thus, the unresolved question is: what is a reasonable amount of attorneys' fees and costs?

**I.    Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A.    <u>Reasonable Hourly Rate</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. at 1349 (citing Davis Cty. Solid

Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all of the attorney's work was done outside of the District of Columbia.

Thus, under Avera, the determination of an attorney's hourly rate is a three-step process. "First, the hourly rate in the attorneys' local area must be established. Second, the hourly rate for attorneys in Washington, DC must be established. Third, these two rates must be compared to determine whether there is a very significant difference in compensation." Masias v. Sec'y of Health & Human Servs., No. 99-697V, 2009 WL 1838979, at *4 (Fed. Cl. Spec. Mstr. June 12, 2009) (citing Avera, 515 F.3d at 1353 (Rader, J. concurring)), mot. for rev. denied (slip op. Dec. 10, 2009), aff'd, 634 F.3d 1283 (Fed. Cir. 2011), corrected, 2013 WL 680760 (Fed. Cl. Spec. Mstr. Jan. 30, 2013).

Ms. Arnold requests compensation for three people. The primary person is her attorney, Mr. Brazil. For work in this case, Mr. Brazil has charged $255.00, $275.00, and $300.00 per hour for work in 2015, 2016, and 2017, respectively. Ms. Arnold also requests compensation for two paralegals, who have billed at $125 per hour throughout the case. All requested rates are reasonable. See Colagreco v. Sec'y of Health & Human Servs., No. 14-465V, 2016 WL 6518579 (Fed. Cl. Spec. Mstr. Sept. 26, 2016).

      B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

Here, Mr. Brazil's invoice is generally adequate. The entries describe the activities with sufficient detail that they can be assessed for reasonableness. Most activities are reasonable. There are, however, two exceptions.

First, Mr. Brazil and his paralegals repeatedly charged for filing documents. Filing documents is a clerical task for which attorneys should not charge. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. denied in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

Second, multiple entries say "Review file for status, necessary tasks." The Federal Circuit has affirmed an analysis indicating that entries such as "reviewing litigation file" are too vague to permit adequate review. Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). Mr. Brazil should describe these activities in more detail to obtain compensation.

An approximate estimate of the value of these activities suggests that a reduction of $1,100 is reasonable. See Fox v. Vice, 563 U.S. 836, 838 (2011) (indicating that trial courts may use "rough justice" in awarding attorneys' fees).

    C.    <u>Summary</u>

A reasonable amount of attorneys' fees is $19,494.00.

## II.   Costs

In addition to seeking an award for attorneys' fees, Ms. Arnold seeks compensation for costs expended, totaling $8,313.57. The costs for routine items, such as medical records and the filing fee, are reasonable. Ms. Arnold is awarded these costs ($438.57) in full.

The balance is for a consultation with an expert, Dr. Lawrence Steinman, for which the charge is $7,875.00. Dr. Steinman submitted an adequate invoice. Thus, Ms. Arnold is also awarded this cost in full.

*   *   *

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $27,807.57 ($19,494.00 in fees and $8,313.57 in

costs) to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards $27,807.57 in attorneys' fees and costs.  This shall be paid as follows:

> **A lump sum of $27,807.57 in the form of a check made payable to petitioner and petitioner's attorney, Paul R. Brazil, of Muller Brazil, LLP, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.